**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA M. JACKSON,<br><br>              Plaintiff,<br><br>   vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>              Defendant. | CASE NO. CV 13-02278 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

        Plaintiff Tanya M. Jackson, suffering from arthritis and a mood disorder and being morbidly obese [AR 12], challenges the Commissioner's determination of disability. Her claim is that the Administrative Law Judge was wrong in his determination of her residual functional capacity. As pertinent here, the Administrative Law Judge found that she could perform medium level work, and did not impose any restriction on her reaching. [AR 14] Plaintiff contends, however, that she should be limited to light work, with a restriction on her reaching.

        The Social Security Commissioner sent Plaintiff to two consultative examiners. The first, Dr. Pon, opined in 2008 that Plaintiff was limited to light work, and to only occasional reaching. [AR 185] The second, Dr. Vesali, opined in 2010 that Plaintiff had no exertion or reaching limitations. [AR 217] The Administrative Law Judge stated that he gave significant weight to Dr. Vesali's opinion (although he limited Plaintiff to a

species of medium work) "because he examined the claimant and his conclusions are not rebutted by any treating source." [AR 13]

An administrative law judge is responsible for resolving conflicts in the medical evidence. *Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004). In doing so, however, he must not misstate or ignore competent evidence. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). He also may not selectively rely on some record entries, while ignoring others. *See Holohan v. Massanari,* 246 F.3d 1195, 1207 (9th Cir. 2001). And, while the Administrative Law Judge need not discuss every piece of evidence, he is required to discuss evidence that is significant. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).

Here, there were two reports from examining physicians, and the reports stated different capabilities. The Administrative Law Judge selected one but not the other, and did not disclose why. The reason that he gave for relying on the second, less restrictive opinion — that the doctor examined Plaintiff, and his findings were not contrary to those of a treating physician — applied equally to the first opinion, and the Administrative Law Judge did not directly explain why he favored one opinion over the other. In this Court, the Commissioner posits that Plaintiff's condition had improved by the time of the second consultation, but whether that is true, and whether, if so, it was the basis for the Administrative Law Judge's decision, is speculation. The Court cannot engage in such speculation; it is confined to the reasons that the Administrative Law Judge articulated. *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991).

///
///
///
///
///

Accordingly, the decision must be reversed. In accordance with the foregoing, the matter is remanded to the Commissioner for further proceedings consistent with this memorandum opinion.

IT IS SO ORDERED.

DATED: January 28, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE